**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30161 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-30032-PA |
| v. | |
| ALFREDO AZAMAR-AGUIRRE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted February 15, 2011[**]

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Alfredo Azamar-Aguirre appeals from the 87-month sentence imposed
following his guilty-plea conviction for possession of methamphetamine with
intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). We
have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Azamar-Aguirre contends that the district court committed procedural error because it failed to consider the 18 U.S.C. § 3553(a) factors, and did not adequately explain the chosen sentence. The district court adequately explained the reasons for the sentence it selected, as it explicitly considered the 18 U.S.C. § 3553(a) sentencing factors, and Azamar-Aguirre's mitigation argument. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Azamar-Aguirre also argues that his sentence is substantively unreasonable because, under the circumstances of his case, it is greater than necessary to accomplish the purposes of sentencing. In light of the totality of the circumstances and the § 3553(a) factors, the sentence is not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (explaining that weight to be given the § 3553(a) factors in a particular case "is for the discretion of the district court").

**AFFIRMED.**