**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50544 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00761-JFW |
| v. | |
| ANDY LEE POLLARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Andy Lee Pollard appeals from his 30-month sentence following his

convictions for conspiracy and counterfeiting obligations or securities of the

United States, in violation of 18 U.S.C. §§ 371 and 471. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pollard makes several contentions of procedural error. Specifically he contends that the court imposed a sentence based upon a clearly erroneous fact, that he was never employed; failed to consider his cooperation; gave too much weight to his criminal history; and failed to consider the unwarranted sentence disparity between Pollard and his co-defendants. These contentions are belied by the record.

Pollard also contends that his sentence is substantively unreasonable. Specifically, he contends that the court imposed and or lengthened his sentence to promote rehabilitation. Contrary to his contention, the record reflects that Pollard's sentence was not based on his rehabilitative needs. *See Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011). Pollard's sentence, three month below the Guidelines range is substantive reasonably in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various [§ 3553(a) sentencing] factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

10-50544