**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50245 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00629-LAB |
| v. | |
| RUBEN MARTINEZ-SOLANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 10, 2013[**]

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Ruben Martinez-Solano appeals from the district court's judgment and challenges the 66-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Martinez-Solano contends that the district court procedurally erred by failing to justify the sentence sufficiently and by disregarding his sentencing arguments. The court did not err, as the record reflects that it thoroughly explained the reasons for the sentence and specifically responded to Martinez-Solano's arguments. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Martinez-Solano further contends that the district court procedurally erred by basing the sentence on the clearly erroneous finding that he had a record of violent conduct. The court did not clearly err in its characterization of Martinez-Solano's criminal history.

Martinez-Solano also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Martinez-Solano's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Martinez-Solano's lengthy criminal history and willingness to reoffend despite his prior sentences for immigration offenses. *See id.*.

To the extent Martinez-Solano argues that the district court placed undue weight on deterrence in selecting the sentence, we identify no abuse of discretion

in this regard. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).

**AFFIRMED.**