**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10614 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00160-GMN |
| v. | |
| NATHAN ELI THOMAS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 15, 2013**

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Nathan Eli Thomas appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

two counts of bank robbery, in violation of 18 U.S.C. § 2113(a).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Thomas argues that the district court took "insufficient notice of substantial

mitigating factors such as [his] skill as a musician, his reputation in the community

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

as a kind, non-violent person, and the role of substance abuse in the commission of the offense."  He further contends that the court failed to "address the fact that [he] will not receive the full benefits of [the Bureau of Prisons'] residential drug treatment program."  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The record reflects that the court considered and addressed Thomas's mitigating arguments and concluded that they did not warrant a lower sentence.

In a related vein, Thomas argues that the district court "unduly discounted [his] history and characteristics, his talents as a person and musician, and his strong prospects for rehabilitation" in selecting a sentence.  "The weight to be given the various factors in a particular case is for the discretion of the district court," *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), and the court did not abuse its discretion here.  The 48-month sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**