**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50047 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03953-LAB |
| v. | |
| ROBERTO RENTERIA-HURTADO, a.k.a. Ismael Lopez-Pineda, a.k.a. Sebastian Sierra-Sandoval, a.k.a. Erasmo Garibay Valdez, a.k.a. Jose Remedio Rodriguez-Pano, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Roberto Renteria-Hurtado appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Renteria-Hurtado contends that the district court erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors, including the Sentencing Guidelines range and the circumstances of medical necessity that motivated his illegal reentry, and by relying on impermissible sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly considered all of the relevant sentencing factors, including the Guidelines range and Renteria-Hurtado's personal circumstances, and relied only on permissible factors.

Renteria-Hurtado also contends that the district court imposed a substantively unreasonable sentence by placing undue weight on the need for deterrence. The district court did not abuse its discretion in imposing Renteria-Hurtado's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Renteria-Hurtado's apparent willingness to reoffend despite his nine prior removals and five prior custodial sentences for unlawful reentry. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the

various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**