**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30313 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00011-DWM |
| v. | |
| MARY AGNES LEIDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Mary Agnes Leider appeals from the district court's judgment and challenges the 262-month sentence imposed following her guilty-plea conviction for second degree murder, in violation of 18 U.S.C. §§ 1111 and 1153(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Leider first contends that the district court erred by lengthening her sentence based on her need for rehabilitation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The court did not plainly err because the record reflects that it did not lengthen the sentence based on Leider's rehabilitative needs. *See Tapia v. United States*, 131 S. Ct. 2382, 2392 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs.").

Leider also contends that the district court abused its discretion by failing to adequately weigh her history and characteristics and by giving excessive weight to the seriousness of the offense. The district court did not abuse its discretion in imposing Leider's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the top of the Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature of Leider's offense. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**