**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50098 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03222-BEN |
| v. | |
| OCTAVIO MORALES-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Octavio Morales-Sanchez appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Morales-Sanchez contends that the district court procedurally erred by failing properly to consider the 18 U.S.C. § 3553(a) sentencing factors and failing adequately to explain its imposition of the statutory maximum sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the relevant sentencing factors, and that the court sufficiently explained the basis for its sentence.

Morales-Sanchez also contends that his statutory maximum sentence is substantively unreasonable based on the specific facts of his case, including that he returned to the United States to reunite with his family. The district court did not abuse its discretion in imposing Morales-Sanchez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 24-month sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Morales-Sanchez's criminal and immigration history. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**