FILED

**NOT FOR PUBLICATION**

OCT 27 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50123 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00943-PSG-1 |
| v. | |
| WALEED AHMED, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 21, 2015
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[**] District Judge.

Waleed Ahmed appeals his 132 month sentence for conspiracy to commit

wire fraud in violation of 18 U.S.C. § 1349. We have jurisdiction pursuant to 18

U.S.C. § 3742(a) and 28 U.S.C. § 1291.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

The district court expressly adopted the factual findings of the presentence report (PSR), which satisfies the requirement that it make factual findings. *See United States v. Gadson*, 763 F.3d 1189, 1220 (9th Cir. 2014). Because the PSR set forth factual findings amply supporting the conclusion both that a substantial part of Ahmed's fraudulent scheme was committed from outside the United States and that the offense involved sophisticated means for purposes of § 2B1.1(b)(10) of the Sentencing Guidelines, we reject Ahmed's argument that the district court plainly erred by imposing a two-level enhancement under § 2B1.1(b)(10) without providing a sufficient explanation or considering Ahmed's arguments.

The district court did not clearly err in imposing a two-level enhancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines. The PSR (adopted by the district court) made the factual finding that "Ahmed told the co-conspirator to delete evidence relating to the instant offense which could be used against himself or a coconspirator." This finding was not clearly erroneous, because the emails sent by Ahmed from prison could reasonably be interpreted as attempting to erase evidence of Ahmed's fraudulent activities and to hide assets derived from those activities in order to help him in his federal case. Accordingly, the district court did not clearly err in imposing an enhancement under § 3C1.1 for

2

obstructing justice by attempting to impede the sentencing process. *See United States v. Petersen*, 98 F.3d 502, 508 (9th Cir. 1996).

The district court did not err in interpreting § 3E1.1 of the Sentencing Guidelines to require that a defendant "at least show contrition or remorse" in order to receive a reduction. *United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004). The district court's determination that Ahmed did not show such emotions, and that the emails Ahmed sent from prison were inconsistent with acceptance of responsibility, was not clearly erroneous. Therefore, the district court did not err in denying Ahmed a two-level reduction for acceptance of responsibility under § 3E1.1. *See United States v. Innie*, 7 F.3d 840, 848 (9th Cir. 1993); U.S.S.G. § 3E1.1, n.5.

Ahmed's sentence was not procedurally unreasonable. The district court stated that it had considered both parties' sentencing briefs and each of the § 3553(a) factors, and a court does not abuse its discretion by focusing on the factors it deemed most important. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). Because the district court identified the information that it considered before imposing the sentence and described its reasons for varying above the Guidelines range, its explanation was sufficient to allow for

meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

The district court's imposition of an upward variance of 24 months above the Guidelines range was not substantively unreasonable. The district court did not clearly err in construing Ahmed's emails as demonstrating a lack of respect for the law, an intent to commit additional frauds, and an absence of remorse. Considering the totality of the circumstances, the district court did not abuse its discretion in determining that these findings warranted an above-Guidelines sentence. *See United States v. Hilgers*, 560 F.3d 944, 947–48 (9th Cir. 2009).

**AFFIRMED**.