**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50505 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-01980-LAB |
| v. | |
| JOSE HUGO MENDOZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2016**

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Jose Hugo Mendoza appeals from the district court's judgment and

challenges the 36-month consecutive sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza contends that the district court erred by improperly basing the

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

sentence on the need to punish him for the underlying offense and the court's

belief that Mendoza's sentence for that offense was too low. We review for plain

error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir.

2010), and hold there is none. The record reflects that the district court based its

decision on only proper 18 U.S.C. § 3583(e) sentencing factors, including the need

for deterrence, Mendoza's repeated breaches of the court's trust, and the need to

protect the public. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir.

2007). Moreover, Mendoza's sentence is substantively reasonable in light of the

section 3583(e) factors and the totality of the circumstances, including his criminal

history and prior violations of supervised release. *See Gall v. United States*, 552

U.S. 38, 51 (2007); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908

(9th Cir. 2009) ("The weight to be given the various factors in a particular case is

for the discretion of the district court.").

**AFFIRMED.**

15-50505