**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50257 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02835-BEN |
| v. | |
| MIGUEL ESPINO-VALVERDE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 12, 2018**

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Miguel Espino-Valverde appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Espino-Valverde contends that his sentence is substantively unreasonable in light of his personal characteristics, including his mental health issues, and the fact that he has not committed any non-immigration offenses since 1996. The district court did not abuse its discretion when it imposed Espino-Valverde's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez,* 587 F.3d 904, 908 (9th Cir. 2009). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of circumstances, including Espino-Valverde's six prior removals from the United States and the 37-month and 46-month sentences he received for his two previous immigration offenses. *See United States v. Burgos-Ortega,* 777 F.3d 1047, 1056 (9th Cir. 2015).

Moreover, contrary to Espino-Valverde's argument, the court's erroneous assumption that he had previously received a fast-track departure does not make his sentence substantively unreasonable. After that assumption was corrected, the court granted a fast-track departure, and nevertheless concluded that a 46-month sentence was warranted. The record reflects that the court considered Espino-Valverde's mitigating arguments and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**

17-50257