**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Appellee,<br><br>   v.<br><br>TYLER BENTON HUGHES,<br><br>               Defendant-Appellant. | No. 19-30075<br><br>D.C. No. 6:04-cr-00017-CCL-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted October 15, 2019[**]

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Tyler Benton Hughes appeals from the district court's judgment and

challenges the 13-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hughes contends that his sentence is substantively unreasonable because the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court placed undue emphasis on testimony from a probation officer that Hughes had a poor attitude towards rehabilitative treatment.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Hughes's numerous violations of the conditions of his supervision and his failure to avail himself of previous treatment opportunities.  *See Gall*, 552 U.S. at 51); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

 **AFFIRMED.**