NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10099 |
| Plaintiff-Appellee, | 19-10105 |
| v. | D.C. No. 4:18-cr-00461-PJH-1 |
| | 4:12-cr-00322-PJH-1 |
| JAMES ROBERT LEWIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

In these consolidated appeals, James Robert Lewis appeals from the district

court's judgment and challenges the 52-month sentence imposed following his

guilty-plea conviction for being a felon in possession of a firearm and ammunition

in violation of 18 U.S.C. § 922(g)(1), and the 24-month consecutive sentence

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lewis contends that the district court impermissibly imposed a rule that the sentence could not be shorter than the 70-month sentence he previously received for the same offense, and thereby failed to make an individualized sentencing determination. However, the record reflects the district court was aware it could impose a lower sentence; the court considered and discussed Lewis's mitigating arguments and the 18 U.S.C. § 3553(a) sentencing factors, and decided a higher sentence was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Lewis also argues that the aggregate 76-month sentence is substantively unreasonable. The district court did not abuse its discretion. *See id.* at 993. The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the circumstances of this case. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908-09 (9th Cir. 2009) (in light of the defendant's criminal history, the district court did not abuse its discretion by emphasizing the need for deterrence); *see also United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (a defendant who violates supervised release by committing an offense similar to his previous offense may require greater sanctions).

**AFFIRMED.**