**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30155 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00117-SPW-1 |
| v. | |
| NATHAN THOMAS TRUJILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Nathan Thomas Trujillo appeals from the district court's judgment and

challenges the 248-month sentence imposed following his guilty-plea conviction

for conspiracy to possess with intent to distribute methamphetamine, in violation

of 21 U.S.C. § 846; possession with intent to distribute methamphetamine and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Trujillo contends that the sentence is substantively unreasonable because it fails to account for the mitigating factors of his case and his policy arguments that the methamphetamine Guidelines are empirically unsound. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense, Trujillo's criminal history, and the need to protect the public. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, contrary to Trujillo's contentions, the record reflects that the district court considered Trujillo's arguments and sufficiently explained the sentence, including its determination that a departure from the Guidelines on policy grounds pursuant to *Kimbrough v. United States,* 552 U.S. 85 (2007), was unwarranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**

19-30155