**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

HUGO GUTIERREZ-SANCHEZ,
       *Defendant-Appellant.*

No. 08-50254

D.C. No.
3:08-cr-00759-
LAB-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 13, 2009*
Pasadena, California

Filed March 23, 2009
Amended November 18, 2009

Before: Carlos T. Bea, Daniel M. Friedman,** and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Friedman

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

## COUNSEL

Norma A. Aguilar, Federal Defenders of San Diego, Inc., San Diego, California, for appellant Hugo Gutierrez-Sanchez.

Karen P. Hewitt, United States Attorney; Bruce R. Castetter, Assistant United States Attorney, Chief Appellate Section, Criminal Division; Douglas Keehn and Mark R. Rehe, Assistant United States Attorneys, San Diego, California, for appellee United States of America.

## ORDER

The petition for rehearing is granted to the extent that the following two changes are made in our opinion filed on March 23, 2009 and reported at 559 F.3d 1088.

On page 1090, in the carry-over paragraph of column 2, paragraph 1:

(1) Delete "returned to" and substitute "entered" in subdivision "(3)"; and (2) Replace "when he lied to the federal officers about his immigration status" in subdivision "(5)" with "when he entered the United States in violation of a prior deportation order and gave a false name to the federal officers."

In all other respects, the petition for rehearing is denied. No future petitions for panel rehearing or rehearing en banc may be filed.

---

## OPINION

FRIEDMAN, Circuit Judge:

The appellant Hugo Gutierrez-Sanchez challenges his sentence primarily because, although he pleaded guilty to an offense for which the United States Sentencing Guidelines ("the Guidelines") recommended a particular sentence, he was given a more severe sentence that the Guidelines recommended for a related, more serious offense. The Guidelines, however, provide that if a plea agreement "specifically establishes the commission of additional offense(s)," it shall be "treated as if the defendant had been convicted of additional count(s) charging those offense(s)." U.S.S.G. § 1B1.2(c). Since in his plea agreement Gutierrez admitted facts that established the more serious offense on which his sentence

was based, the district court did not err in its calculation of the Guidelines recommended sentence. The sentence actually imposed also was substantively reasonable. We therefore affirm.

I

Prior to his present difficulties, Gutierrez twelve times had entered the United States illegally from Mexico and been removed to Mexico. While in the United States during this period, he was thrice criminally convicted.

In the present case, Gutierrez was apprehended hiding in dense brush several hundred yards north of the United States - Mexican border. He was arrested and charged with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. Gutierrez entered into a so-called "fast-track" arrangement with the government, under which he agreed to plead guilty to a lesser offense and waived various rights. He signed a written agreement in which he pleaded guilty to making a false statement to a federal official, in violation of 18 U.S.C. § 1001, namely, that in 2004, after having illegally entered the country, he told a federal officer "that his name was Salvador Beltran-Bera."

Gutierrez and the government agreed upon his offense level and criminal history under the Guidelines calculations, which produced a Guidelines range sentence of 6-12 months imprisonment. The parties agreed to recommend a sentence of 9 months imprisonment. In the plea agreement, Gutierrez also stated that he "understands that the sentence is within the sole discretion of the sentencing judge" and that "the recommendation made by the Government is not binding on the Court, and defendant's actual sentence remains uncertain at this time."

The district court accepted Gutierrez' guilty plea but rejected the recommended 9 months imprisonment sentence.

The court stated that it was "inclined to sentence within what I think is the applicable guideline range for the real offense, which is coming back over here." After hearing Gutierrez' objections, the court "f[ou]nd that the real offense here, the one that the Guideline calculations should be predicated upon, is a[n 8 U.S.C. §] 1326." The court calculated the Guidelines range for this offense at 10-16 months imprisonment (which calculation Gutierrez does not challenge) and, after considering the specified sentencing factors under 18 U.S.C. § 3553(a), sentenced Gutierrez to 16 months imprisonment.

II

A.   On appeal, this court "first consider[s] whether the district court committed significant procedural error, then . . . consider[s] the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). In *Carty*, we held that

> [i]t would be procedural error for a district court to fail to calculate — or to calculate incorrectly — the Guidelines range; to treat the Guidelines as mandatory instead of advisory; to fail to consider the § 3553(a) factors; to choose a sentence based on clearly erroneous facts; or to fail adequately to explain the sentence selected, including any deviation from the Guidelines range.

*Id.*

Gutierrez contends that the district court committed procedural error by not calculating the Guidelines recommended sentence for his violation of 18 U.S.C. § 1001, but instead calculating his sentence based on a violation of 18 U.S.C. § 1326. Gutierrez alternatively argues that the district court gave undue weight to one of the § 3553(a) sentencing factors, deterrence, and that this resulted in a substantively unreasonable sentence.

**[1]** B.    As noted, the Guidelines provide:

A plea agreement (written or made orally on the record) containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s).

U.S.S.G. § 1B1.2(c).

The Guidelines further provide that "in the case of a stipulation to the commission of additional offense(s), the guidelines are to be applied as if the defendant had been convicted of an additional count for each of the offenses stipulated." U.S.S.G. § 1B1.2 cmt. n.3.

In his written plea agreement, after admitting that in 2004 he had made a false statement to a federal official, Gutierrez stated in the next paragraph:

Defendant agrees further that the offense involved a violation of a prior, specific administrative order because defendant is an unlawful alien who was lawfully deported on February 22, 2004[,] prior to the instant offense and as part of that deportation, defendant was ordered by the immigration judge not to reenter the United States without requesting and obtaining permission from the Attorney General or designated successor, and that this fact results in the increase in offense level set forth in paragraph 5 below.

**[2]** Under the Guidelines, Gutierrez' statement in his plea agreement constituted a "stipulation that specifically establish[ed] the commission of [the] additional offense" of an alien illegally present in the United States, in violation of 8 U.S.C. § 1326. Gutierrez admitted all the elements of the lat-

ter offense: that (1) he was an alien who (2) had been lawfully deported and (3) had entered the United States (4) without the permission of the Attorney General and (5) had the requisite general intent, i.e., he knew he was illegally in the United States when he entered the United States in violation of a prior deportation order and gave a false name to the federal officers. *See United States v. Covain-Sandoval*, 462 F.3d 1090, 1093, 1094 n.1 (9th Cir. 2006). Because Gutierrez' plea agreement establishes the mens rea necessary for a "found in" offense under § 1326, we need not address his argument that his plea agreement did not establish the specific intent needed to violate the prohibition in § 1326 against attempted reentry. *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1190 (9th Cir. 2000) (en banc).

**[3]** The district court properly treated these statements by Gutierrez as establishing a conviction under the illegal alien presence provision of 8 U.S.C. § 1326 for the purposes of calculating Gutierrez' Guidelines recommended sentence. The court's action was in accord with the "grouping" provisions of the Guidelines governing convictions under multiple counts, which provide that "in the case of a stipulation to the commission of additional offense(s), the guidelines are to be applied as if the defendant had been convicted of an additional count for each of the offenses stipulated," and that in that situation the offense level used to calculate the defendant's sentence "is the offense level . . . for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group." U.S.S.G. 1B1.2, cmt. n.3; U.S.S.G. § 3D1.3(a); *see also* U.S.S.G. § 3D1.3 cmt. n.2 ("When counts are grouped . . . the highest offense level of the counts in the group is used.").

C.   Since we hold that the district court properly calculated Gutierrez recommended Guidelines sentence under § 1326, the remaining question is whether the within-Guidelines sentence of 16 months' imprisonment was substantively reasonable. The answer is "yes."

**[4]** The district court fully explained the reasons why a more severe sentence than the guideline range under the false statement statute of 6-12 months imprisonment was appropriate. The court twice stated that the "real offense," "the one that the Guideline calculations should be predicated upon," was 8 U.S.C. § 1326, which relates to a removed alien's illegal presence in the United States. The court also noted Gutierrez' two prior felony convictions (for which he was imprisoned) and his 12 illegal re-entries after he had been removed, and stated that

> it's incumbent upon me to fashion some kind of sentence which will tell him "we mean business. When we say 'don't come back,' it's not just some mantra that a guy in a black robe waves in front of you or words that are repeated. We mean it. Don't come back. Bad things are going to happen to you if you come back. You're going to spend a lot of time in an American jail, which has got to be worse than your country."

**[5]** The district court also considered the factors that 18 U.S.C. § 3553(a) required it to "consider . . . in determining the particular sentence to be imposed." The court stated that it had "reviewed," "looked at" and "considered" "these [18 U.S.C. § 3553] factors." One of those factors is "the need for the sentence imposed to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). As noted, deterrence was one factor the court considered in determining the sentence. Contrary to Gutierrez' contention, the court did not give that factor impermissible weight or ignore or downplay the other factors. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992. The weight to be given the various factors in a particular case is for the discretion of the district court. *Cf. id.* at 993. The district court did not abuse its discretion in applying those factors in determining Gutierrez' sentence and the sentence was substantively reasonable.

*AFFIRMED.*