FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50592 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03395-BEN |
| v. | |
| CONSTANTINO LOPEZ-LEON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Constantino Lopez-Leon appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

illegal entry, in violation of 8 U.S.C. § 1325.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Lopez-Leon first contends that the government breached its promise in the plea agreement to recommend a four-level downward departure under U.S.S.G. § 5K3.1. Although the government initially filed a sentencing summary chart that mistakenly omitted the stipulated downward departure, the error was corrected before it ever came to the attention of the district court. In its sentencing memorandum and at sentencing, the government unequivocally stood by its recommendation in favor of the departure, and the district court granted the departure. Under these circumstances, we conclude that Lopez-Leon received the benefit of his bargain: "the presentation of a united front to the court." *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) (internal quotations omitted).

Lopez-Leon next contends that the district court procedurally erred by failing to consider his mitigating arguments, and by failing to explain adequately the reasons for the sentence. The record reflects that the district court acknowledged Lopez-Leon's arguments, but disagreed that they warranted a lower sentence. The court also explained adequately why, in light of Lopez-Leon's criminal history and his failure to be deterred by his prior sentences, a more severe sentence than the stipulated Guidelines range was appropriate.

Lopez-Leon last contends that the district court gave excessive weight to deterrence over the other 18 U.S.C. § 3553(a) sentencing factors and imposed a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Lopez-Leon's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See id.*; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**