**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10661 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01680-SRB |
| v. | |
| EFREN MEDRANO-MACIAS, a.k.a. Jorge Pedro Amador, a.k.a. Daniel Sanchez-Carcamo, a.k.a. Andre C. Thibodeaux, a.k.a. Jorge Valladares, a.k.a. Jorge Velasquez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Efren Medrano-Macias appeals from the district court's judgment and

challenges the 15-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Medrano-Macias contends that the district court improperly aggregated two prior sentences when determining a baseline for the length of his current sentence. The record reflects that although the sentences arose from separate proceedings, they related to the same conduct and were imposed in close temporal proximity to each other. The district court did not err by concluding that a sentence greater than the combination of these two prior sentences was necessary to provide adequate deterrence.

Medrano-Macias also contends that the district court placed undue weight on the Guidelines and imposed a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Medrano-Macias's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Medrano-Macias's repeated unlawful entries, lengthy criminal history, and willingness to reoffend despite his six prior removals and two prior custodial sentences for immigration offenses. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The

weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

12-10661