**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30117 |
| Plaintiff - Appellee, | D.C. No. 9:12-cr-00041-DLC-1 |
| v. | |
| GARRETT PHILLIP HARR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted October 23, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Garrett Phillip Harr appeals from the district court's judgment and

challenges the 37-month sentence imposed following his conviction for conspiracy

to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Harr contends that the 37-month sentence, which is at the bottom of the applicable Sentencing Guidelines range, is substantively unreasonable because the drug trafficking Guidelines themselves are too high and because the district court improperly weighed the 18 U.S.C. § 3553(a) factors. The district court was not required to reject the drug trafficking Guidelines. *See United States v. Mitchell*, 624 F.3d 1023, 1030 (9th Cir. 2010) (recognizing that sentencing judges have the discretion to reject any Sentencing Guideline, but no judge is required to do so). In addition, the "weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). Here, the district court did not abuse its discretion. The sentence is not substantively unreasonable in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a), including not only Harr's personal history and characteristics, but also the duration and seriousness of his conduct in committing the offense. *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED**.