**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ANTONIO REYES-NAVARRO,<br><br>Defendant - Appellant. | No. 12-50438<br><br>D.C. No. 3:12-cr-02141-LAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 27, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Antonio Reyes-Navarro appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reyes-Navarro contends that the sentence is substantively unreasonable. We review for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The district court did not abuse its discretion. The 48-month sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including Reyes-Navarro's criminal history and the need to protect the public, promote respect for the law, and provide deterrence. *See Gall*, 552 U.S. at 51. It was not illogical for the district court ultimately to impose a higher sentence in the hope that the higher sentence would deter Reyes-Navarro from illegally reentering the United States again, and it was permissible for the district court to place more weight on the need to protect the public given the many times that Reyes-Navarro had returned to the United States and driven under the influence. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (recognizing that the "weight to be given the various factors in a particular case is for the discretion of the district court" and holding that the district court did not place undue weight on the need for deterrence where the defendant repeatedly entered the United States illegally); *see also United States v. Treadwell*, 593 F.3d 990, 1014 (9th Cir. 2010) (holding that district court did not abuse its discretion by determining that deterrence and protection of the public outweighed other §

3553(a) factors where court had evidence that defendant was a likely repeat offender who posed a substantial risk to others).

**AFFIRMED**.