**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 27 2015

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>DANIEL RIVAS-ANAYA, a.k.a. Daniel Anaya Rivera, a.k.a. Daniel Rivas Anaya,<br><br>　　　　Defendant - Appellant. | No. 14-10278<br><br>D.C. No. 4:12-cr-00345-JGZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted April 22, 2015[**]

Before:　GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

　　Daniel Rivas-Anaya appeals from the district court's judgment and

challenges the 45-month sentence imposed following his guilty-plea conviction for

reentry after deportation, in violation of 8 U.S.C. § 1326.　We have jurisdiction

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Rivas-Anaya claims that his sentence is substantively unreasonable in light of his cultural assimilation and the mitigating factors, and because the Guidelines range allegedly overstated both his criminal history and the seriousness of his offense. The district court did not abuse its discretion in imposing Rivas-Anaya's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rivas-Anaya's criminal and immigration history. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

Rivas-Anaya next contends that this case must be remanded to strike the reference in the judgment to 8 U.S.C. § 1326(b)(2). We reject this contention because the judgment unambiguously reflects that Rivas-Anaya was convicted of only one punishable offense pursuant to section 1326(a). *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000).

**AFFIRMED.**

14-10278