**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10243 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-02221-CKJ-BGM-1 |
| v. | |
| JESSE LYNN FOX, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted October 21, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Jesse Fox appeals his conviction and sentence for being a felon in possession

of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in admitting Detective Huser's recorded telephone call with Fox. The government established that the voice on the recording was in fact the defendant's by relying on Fox's own self identification and his reference to the police's recent search of his residence. *United States v. Miller,* 771 F.2d 1219, 1234 (9th Cir. 1985).

Fox's arguments that the recording was admitted in violation of Federal Rules of Evidence 401, 403, and 404(b) are without merit. Rule 401 does not require the proffered evidence to "prove anything." *United States v. Boulware,* 384 F.3d 794, 805 n.3 (9th Cir. 2004). It only requires that "the proffered evidence have a *tendency* to prove a fact in issue." *Id.* Evidence is not unfairly prejudicial in violation of Rule 403 "merely because it tends to prove a defendant's guilt." *United States v. Rizk,* 660 F.3d 1125, 1133 (9th Cir. 2011) (citing *United States v. Boesen,* 541 F.3d 838, 848–49 (8th Cir.2008)). Finally, 404(b) is inapplicable because there are no "other acts" suggested by the admitted portions of the recording.

II

The district court did not err in admitting evidence regarding Fox's arrest as evidence of flight. The probative value of flight evidence depends on the degree

with which inferences can be drawn: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *United States v. Felix–Gutierrez*, 940 F.2d 1200, 1207 (9th Cir. 1991). In this case, the first inference is satisfied because when the police arrived at his residence, Fox attempted to flee out the back. He did so wearing nothing more than a tee-shirt, shorts, and sandals in four degree weather with four inches of snow on the ground. The second, third, and fourth inferences may be drawn from the fact that Fox was aware of the criminal charges against him. *See United States v. King*, 200 F.3d 1207, 1215 (9th Cir. 1999).

Fox also argues, for the first time on appeal, that this evidence of flight constituted improper character evidence under Rule 404(b). However, this evidence supports an inference of consciousness of guilt and is admissible under Rule 404(b). *See United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995) (admitting evidence probative of consciousness of guilt under Rule 404(b)); *United States v. Sims*, 617 F.2d 1371, 1378 (9th Cir. 1980) (admitting evidence of flight under Rule 404(b)).

III

Fox's challenge to the district court's in limine ruling excluding fingerprint evidence is not properly before us. The ruling was tentative and anticipatory. Fox did not attempt to introduce the evidence at trial. Therefore, he waived the objection and cannot challenge its exclusion on appeal. *See United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015).

IV

The evidence was sufficient to support Fox's conviction. The government was required to prove that Fox constructively possessed the ammunition. *United States v. Nungaray*, 697 F.3d 1114, 1117 (9th Cir. 2012). In this case, over 1,450 rounds of ammunition were found in Fox's bedroom in close proximity to many of his personal possessions. Thus, the evidence is sufficient to support a rational jury's finding that Fox constructively possessed the ammunition beyond a reasonable doubt. *See United States v. Vasquez*, 654 F.3d 880, 886 (9th Cir. 2011) (affirming constructive possession where guns found at defendant's residence were in close proximity to many of the defendant's possessions).

Fox's argument that the government must establish that he occupied the residence when the ammunition was present is not persuasive. *See United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (noting we must view the facts in the

4

light most favorable to the prosecution). The government introduced testimony from Fox and others that Fox resided at the location where the ammunition was found. "The government did not need to show ownership or actual possession." *Vasquez*, 654 F.3d at 886.

V

The district court did not err when it sentenced Fox to 41 months of imprisonment. The district court properly added 3 points to Fox's criminal history score under U.S.S.G. § 4A1.1(e) even though Fox's prior offenses arose from the same occasion. Section 4A1.1(e) no longer distinguishes prior offenses that occurred on the same occasion from prior offenses that occurred on different occasions.

The district court adequately explained the sentence because it considered the parties' arguments and 18 U.S.C. § 3553(a)'s sentencing factors. A district court's explanation for a sentence, albeit brief, will be "legally sufficient" if the "record makes clear that the sentencing judge listened to each argument and considered the supporting evidence." *United States v. Chhun*, 744 F.3d 1110, 1123 (9th Cir. 2014) (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)).

The court also did not impose a substantively unreasonable sentence because it determined that Fox's mitigating factors warranted a sentence at the low end of

the Guidelines range. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) (rejecting argument that district court improperly "weigh[ed] or ignored[d] . . . other factors"). Rather, the court reasonably denied a downward departure from the Guidelines range. *See United States v. Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011) (noting that a district court's refusal to grant a downward departure is reviewed for abuse of discretion).

**AFFIRMED.**