**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30259 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00091-TMB |
| v. | |
| FLOYD JAY MANN, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted November 27, 2018[**]

Before:     CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Floyd Jay Mann, Jr., appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea convictions

for wire fraud and money laundering, in violation of 18 U.S.C §§ 1343 and 1956.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Mann contends that the sentence is substantively unreasonable because the district court gave undue weight to the losses sustained by the victims, and failed to consider mitigating factors including his age, his lack of a serious criminal history, and his successful completion of a drug treatment program while on supervision. "The weight to be given the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). The district court did not abuse its discretion in weighing the factors here. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the significant financial and emotional losses sustained by the victims, the elaborate nature of the fraudulent scheme, the need to protect the public, and the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**