**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30223 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00062-TMB-1 |
| v. | |
| MI RAN YU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Mi Ran Yu appeals from the district court's judgment and challenges the 8-month sentence imposed upon her guilty-plea conviction for 20 counts of health care fraud, in violation of 18 U.S.C. § 1347. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Yu argues that the district court placed too much weight on the 18 U.S.C. § 3553(a) sentencing factor relating to deterrence, and thus imposed a substantively unreasonable sentence. Contrary to Yu's contention, the court properly considered the sentencing factors and did not abuse its discretion in giving greater weight to the need for deterrence. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various [section 3553(a)] factors in a particular case is for the discretion of the district court."). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense and the need for general and specific deterrence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**