NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50136 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04467-LAB-1 |
| v. | |
| LUPITA JAIMES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 7, 2020**

Before:  TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Lupita Jaimes appeals from the district court's judgment and challenges the

78-month sentence imposed following her guilty-plea conviction for importation of

heroin and methamphetamine, in violation of 21 U.S.C. §§ 952, 960.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Jaimes contends that her sentence is substantively unreasonable in light of her limited role as a courier, her lack of violent criminal history, and other mitigating factors presented at sentencing. But, the district court varied downward from the Guidelines range to reflect some of these circumstances. Its decision not to vary further was not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the quantity of drugs Jaimes transported and the other aggravating circumstances of the offense. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**