NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. EFRAIN RIVERA-IBARRA, AKA Efrain Rivera, Defendant-Appellant. | No. 19-10280 D.C. No. 3:18-cr-08359-JJT-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John J. Tuchi, District Judge, Presiding

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Efrain Rivera-Ibarra appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Rivera-Ibarra contends that the 60-month sentence is substantively unreasonable. He argues that the district court overemphasized his criminal history, disregarded the need to avoid sentencing disparities, and was unduly influenced by a Guidelines range that, in light of the 2016 amendments to U.S.S.G. § 2L1.2, was "inappropriately distorted" for a defendant like Rivera-Ibarra who did not have "serious" prior offenses. The district court recognized that a within-Guidelines sentence was not warranted in this case and granted a significant downward variance of 32 months from the low end of the Guidelines range. This was not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). District courts have discretion as to how to weigh the 18 U.S.C. § 3553(a) sentencing factors, *see United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), and the below-Guidelines sentence is substantively reasonable in light of those factors and the totality of circumstances, including Rivera-Ibarra's criminal history and prior immigration conviction. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

19-10280