NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10021 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01648-RM-LAB-2 |
| v. | |
| MICHAELA DENISE VENTURA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted June 9, 2020
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,** District Judge.

After a bench trial, Michaela Ventura was convicted of conspiracy to transport an illegal alien for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), and (a)(1)(B)(i), and transportation of an illegal alien for profit in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable C. Ashley Royal, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i). The district court sentenced her to forty-six (46) months. On appeal, Ventura challenges both the denial of her motion to dismiss the indictment and her sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Ventura argues the district court erred in refusing to dismiss her indictment because the magistrate judge did not have the statutory authority to release the alien material witness over Ventura's objection, and the government deported the witness prior to trial in violation of her Fifth and Sixth Amendment rights. We review de novo the denial of a motion to dismiss an indictment for failure to retain witnesses. *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1174 (9th Cir. 2002). We also review de novo the scope of authority and powers of a magistrate judge. *United States v. Gomez-Lepe*, 207 F.3d 623, 627 (9th Cir. 2000).

The magistrate judge had the statutory authority to release the material witness under 28 U.S.C. § 636(b)(1)(A) as a non-dispositive "pre-trial matter." *See United States v. Rivera-Guerrero*, 377 F.3d 1064, 1067-68 (9th Cir. 2004); *see also* 18 U.S.C. § 3144 (allowing a "judicial officer" to order detention and release of material witness); 18 U.S.C. § 3156(a)(1) (defining "judicial officer" to include a magistrate judge). Ventura's counsel could have sought a stay of the magistrate judge's release order from the district court but failed to do so.

Ventura failed to establish a constitutional violation. She has not shown that the government deported the material witness in bad faith, and there was no prejudice because the witness was deposed before release. *See Gastelum-Almeida*, 298 F.3d at 1174 ("To show that the government's deportation of the alien witness[] violated [her] Fifth Amendment right to due process and [her] Sixth Amendment right to compulsory process, [Ventura] must show that the government acted in bad faith and that this conduct resulted in prejudice to [her] case.").

2. In attacking her sentence, Ventura argues that the district court erroneously failed to give her a downward departure for acceptance of responsibility, placed too much emphasis on deterrence, and imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). "The weight to be given the various [sentencing] factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). The district court's findings of fact underlying an application of the Sentencing Guidelines are reviewed for clear error. *United States v. Montano*, 250 F.3d 709, 712 (9th Cir. 2002).

The district court did not abuse its discretion in imposing a 46-month sentence, which was at the low end of the applicable guideline range. The court

19-10021

considered all of the sentencing factors under 18 U.S.C. § 3553(a), did not clearly err in finding that Ventura failed to accept responsibility for her offense, and gave appropriate weight to the deterrence factor based on Ventura's criminal history, including four prior convictions involving alien smuggling.

**AFFIRMED.**