**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50354 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-01040-JFW-1 |
| v. | |
| JONATHAN JEROME HILLS, AKA Jerome Johnathan Hill, AKA Jerome Johnson Hill, AKA Janathan J. Hills, AKA Jerome Hills, AKA Jerome J. Hills, AKA Jerome Johnathan Hills, AKA Jerome Jonathan Hills, AKA Jerome Jonthan Hills, AKA Johanathon Jerome Hills, AKA Johnatham J. Hills, AKA Johnathan Jerome Hills, AKA Johnathon Jerome Hills, AKA Jonatham Jerome Hills, AKA Jonathan Hills, AKA Jonathon Jerome Hills, AKA Jonthan Jerome Hills, AKA Romeo Hills, AKA Robert Ricks, AKA Rome, AKA Romeo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 20, 2021**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Jonathan Jerome Hills appeals from the district court's order denying his motion for a reduction of sentence under the First Step Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hills first contends that the district court procedurally erred by failing to address his arguments for a lower sentence under the 18 U.S.C. § 3553(a) sentencing factors and by misapplying one of the factors. We disagree. The court considered Hills's arguments, including his argument regarding his post-conviction conduct, and acknowledged Hills's eligibility for a reduction, but concluded that the § 3553(a) factors did not warrant a further reduction from the original below-Guidelines sentence. This explanation is sufficient to permit appellate review.[1] *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Moreover, even assuming the district court adopted the government's argument regarding sentencing disparities, we see no error in concluding that a reduction would result in an unfair disparity with other defendants sentenced under the career offender guidelines who were not subject to a reduced mandatory minimum.

Hills also contends the 240-month sentence is substantively unreasonable in

without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The government does not dispute Hills's assertion that the district court has an obligation to explain its reasons under § 3553(a) for denying a motion under the First Step Act. We, therefore, do not reach that question here.

light of the staleness of his prior convictions and his post-sentencing conduct and rehabilitation. However, the district court had discretion to determine the appropriate weight to give to the various sentencing factors under § 3553(a), *see United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), and it was within its discretion in concluding that further reduction of the below-Guidelines sentence was unwarranted in light of the Guidelines range and Hills's extensive criminal history, *United States v. Kelley*, 962 F.3d 470, 479 (9th Cir. 2020).

**AFFIRMED.**