**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30129 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00024-WFN-1 |
| v. | |
| ANTHONY J. MATHIAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted April 17, 2023[**]

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Anthony J. Mathias appeals from the district court's judgment and

challenges the 24-month sentence imposed upon the fourth revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mathias contends that the 24-month, statutory maximum sentence is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantively unreasonable because it is significantly above his Guidelines range and his violations were driven by his drug addiction. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mathias's repeated poor performance on supervision and the need to protect the public. *See* 18 U.S.C. § 3583(e); *see also Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**