NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> FERDIK ARNOLDO MARTINEZ-HERNANDEZ, AKA Jesus Hernandez, <br><br> Defendant-Appellant. | Nos. 22-10342 <br> 22-10343 <br><br> D.C. Nos. 2:22-cr-00767-SPL-1 <br> 4:20-cr-00082-SPL-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted December 12, 2023**

Before:      WALLACE, LEE, and BUMATAY, Circuit Judges.

In these consolidated appeals, Ferdik Arnoldo Martinez-Hernandez

challenges the 46-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the 8-month

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez-Hernandez contends that the aggregate 54-month sentence is substantively unreasonable because the district court overemphasized his criminal history and gave insufficient weight to the mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Martinez-Hernandez's criminal and immigration history. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Nor did the district court err by considering Martinez-Hernandez's recent arrest for driving under the influence, which Martinez-Hernandez has not challenged as false or unreliable. *See United States v. Borrero-Isaza,* 887 F.2d 1349, 1352 (9th Cir.1989) (sentencing court may consider "a wide, largely unlimited variety of information"). Finally, contrary to Martinez-Hernandez's contention, the record reflects that the district court relied on only proper sentencing factors in imposing the revocation sentence. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**

22-10342 & 22-10343