NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

ISIDRO VEGA CARMONA, Isidro Vega-Carmona,

        Defendant - Appellant.

No. 23-1232

D.C. No. 1:22-cr-00126-SPW-TJC-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

    Isidro Vega Carmona appeals from the district court's judgment and

challenges the 168-month sentence imposed following his guilty-plea conviction

for conspiracy to possess with intent to distribute and possession with intent to

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribute methamphetamine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carmona contends that the sentence is substantively unreasonable given his lack of criminal history, tragic personal background, and the aberrant nature of his conduct.  We review for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The record reflects that the district court considered Carmona's background and "heartbreaking" childhood, but concluded that the substantial amount of drugs involved in the offense warranted a low-end Guideline sentence.  Contrary to Carmona's argument, the court acted within its discretion in weighing these considerations.  *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").  The 168-month sentence is substantively reasonable under the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

23-1232