**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10172 |
| Plaintiff-Appellee, | D.C. No.<br>1:24-mc-00244-LEK-WRP |
| v. | |
| JOHN DOE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 12, 2024**
Honolulu, Hawaii

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.

John Doe appeals his sentence, following a guilty plea, for conspiracy to

possess (and attempted possession) with intent to distribute 50 grams or more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  Because the

parties are familiar with the facts, we do not recount them here except as necessary

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to provide context. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

1.     Doe first argues that the district court erred in denying his motion for a downward departure or variance on the basis of Doe's history of cooperation with law enforcement. Although the United States filed, and the district court granted, a motion under U.S. Sentencing Guidelines (U.S.S.G.) § 5K1.1 for a downward departure in light of Doe's cooperation, Doe requested a further downward departure under U.S.S.G. § 5K2.0(a)(1)(A), (a)(2), which is a general provision authorizing departures where there exists a "mitigating circumstance" or "circumstance of a kind not adequately taken into consideration" by the Guidelines. Doe concedes that the district court considered his motion for a further downward departure under § 5K2.0, so we need not decide under what circumstances such a motion may be advanced by a defendant in a criminal case.

Doe's primary argument is that the district court committed clear error when it wrongly concluded that there was no evidence supporting Doe's history of pre-arrest cooperation. However, after the United States conceded that Doe was the confidential informant described in a search warrant affidavit, the district court acknowledged that Doe's cooperation was "a factor" to be considered in sentencing and that, even if there weren't more specific documents to "quantify" Doe's cooperation, the affidavit showed information resulting in at least ten search

warrants and nine arrests. Thus, the district court fully considered Doe's cooperation, and Doe's claim of clear error has no merit.

Doe is left with the contention that his sentence was substantively unreasonable because the district court should have given more weight to his history of cooperation with law enforcement. "We afford significant deference to a district court's sentence under 18 U.S.C. § 3553(a) and reverse only if the court applied an incorrect legal rule or if the sentence was 'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043–44 (9th Cir. 2017) (en banc) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

Doe's argument at sentencing, which he repeats on appeal, was that the drugs seized upon his arrest might have been part of his cooperation. Doe provided no specific evidence in support of this assertion beyond his history of cooperation, however, and the district court was not required to credit it. Moreover, as Doe conceded at sentencing, he did not object to the Presentence Report (PSR)'s drug quantity calculation. "Because a judge is not *required* to sentence at a variance with the sentencing guidelines," and because denying a variance based on Doe's assertion was not "illogical, implausible, or without support," Doe's sentence is substantively reasonable. *Id.* at 1044 (internal quotation marks omitted).

2.      Doe next argues that the district court erred in denying his motion for a downward departure or variance on the ground that Doe's Criminal History Category III overrepresented his criminal history because of his history of mental illness.

Doe first contends that the district court committed procedural error because it did not specifically rule on his request for a downward departure on this basis. However, whether framed as a request for a downward departure under U.S.S.G. § 4A1.3(b) or as a variance as part of the analysis under 18 U.S.C. § 3553(a), our review is the same: whether the ultimate sentence is substantively reasonable. *United States v. Ellis*, 641 F.3d 411, 421–22 (9th Cir. 2011). The district court discussed Doe's mental health issues and suicide attempts as a mitigating factor in its § 3553(a) analysis. Requiring the district court to first explain why Doe's history of mental illness did not require a downward departure and then analyze the same history of mental illness under the § 3553(a) factors would create precisely the "redundant" analysis that the Ninth Circuit rejected in *Ellis*. *Id.* at 421. Thus, because the district court did consider Doe's history of mental illness as a mitigating factor, it did not commit procedural error.

Framed correctly, Doe cannot show that his sentence was "illogical, implausible, or without support" in the record. *Martinez-Lopez*, 864 F.3d at 1043 (internal quotation marks omitted). As the PSR explained, Doe's criminal history

included a significant number of violent felonies, including multiple instances of domestic violence and an assault in which Doe stabbed a victim. Doe retorts only that the United States failed to prove that these prior offenses "were NOT precipitated by [Doe]'s diagnosed mental illness." Doe's mental illness is indeed a significant mitigating factor, but how much weight to give "the various factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). The district court did not abuse its discretion simply because it gave this factor less weight than Doe requested.

  3. Finally, Doe challenges Standard Condition of Supervised Release No. 8, which prohibits Doe from interacting with known felons without prior approval, because it restricts his right to associate with his spouse. We review for plain error because Doe did not object to the condition below. *United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012). As the United States concedes, the district court plainly erred by failing to explain its reasons for imposing this condition. Defendants have a significant liberty interest in familial association, and before interfering with that liberty interest, district courts must "follow an enhanced procedural requirement to make special findings on the record supported by evidence in the record, that the condition is necessary for deterrence, protection of the public, or rehabilitation, and that it involves no greater deprivation of liberty

5

than reasonably necessary." *Id.* at 1087.

The parties therefore ask us to vacate standard condition 8 and remand for the court to either exempt Doe's spouse or make the requisite findings as to why Doe should be restricted from associating with his spouse. Where one or more conditions of supervised release were wrongly imposed, however, we retain discretion to vacate the entirety of the supervised release portion of a defendant's sentence. *See United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023) (en banc) (citing *United States v. Reyes*, 18 F.4th 1130, 1139 (9th Cir. 2021)). We exercise that discretion today and so vacate all the discretionary conditions of Doe's supervised release. On remand, in addition to addressing whether Doe should be restricted from associating with his spouse, the district court shall orally pronounce any discretionary conditions of supervised release that it intends to impose and give Doe the opportunity to object. *See id.*; *see also United States v. Bell*, No. 22-10262, 2024 WL 859942, at *3 (9th Cir. Feb. 29, 2024).

**AFFIRMED in part; VACATED in part; and REMANDED.**