**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

MARK STEVEN ELKSHOULDER,

        Defendant - Appellant.

No. 24-1741

D.C. No.
1:23-cr-00035-SPW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 17, 2024[**]

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

    Mark Steven Elkshoulder appeals from the district court's judgment and challenges the 33-month sentence imposed following his guilty-plea conviction for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Elkshoulder contends that his sentence, which is at the bottom of the Guidelines range, is substantively unreasonable. He argues that the district court should have granted a "moderate downward variance" to reflect his mitigating circumstances, including the results of a recent psychosexual evaluation and the fact that he had already served a revocation sentence for related conduct. The district court considered these factors, however, and did not abuse its discretion in denying Elkshoulder's request for a variance. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Elkshoulder's extensive criminal history, which included three prior convictions for failure to register. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**