NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 1 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERRY ALEN ALBUS,

Defendant - Appellant.

No. 24-5931

D.C. No.
9:24-cr-00018-DWM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 22, 2025[**]

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Gerry Alen Albus appeals from the district court's judgment and challenges the 36-month sentence imposed following his guilty-plea conviction for theft of government money in violation of 18 U.S.C. § 641.[1]  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Albus does not challenge his conviction or sentence for Social Security fraud through concealment.

28 U.S.C. § 1291, and we affirm.

Albus contends the 36-month sentence is unreasonable because it is three times longer than the sentence he received for the Social Security fraud offense. In his view, the 12-month sentence imposed for the fraud offense adequately captured the deception and harm caused by both offenses. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Albus's theft of government funds intended for his mother was largely separate conduct from his own fraudulent reports to the Social Security Administration. The 36-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Albus's extensive history of fraud and theft and the need for general and specific deterrence. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**