NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5365 |
| Plaintiff - Appellee, | D.C. No. 8:21-cr-00124-JLS-1 |
| v. | |
| CHRISTOPHER JOHN BADSEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 19, 2025[**]

Before:     SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Christopher John Badsey appeals from the district court's judgment and

challenges the 87-month sentence imposed following his guilty-plea conviction for

four counts of wire fraud in violation of 18 U.S.C. §§ 1343, 2(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Badsey first contends that the district judge was required to recuse herself under 28 U.S.C. § 455 because she was the "victim" of his obstructive efforts at sentencing. Contrary to Badsey's argument, this claim is reviewed for plain error because Badsey did not request recusal in the district court. *See United States v. Holland*, 519 F.3d 909, 911 (9th Cir. 2008). Even under de novo review, however, Badsey has not shown that recusal was required. Although Badsey's false sentencing documents were directed to the district court, the record does not reflect that the judge harbored any personal bias or prejudice against Badsey, nor does it show that "a reasonable person in possession of all the facts would determine that the district court conducted the proceedings on the basis of anything but the merits of the case." *Id.* at 917. Badsey's argument that the court's sentencing decision is "proof" of the court's bias is unavailing. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

Badsey also contends his above-Guidelines sentence is substantively unreasonable because the court gave insufficient weight to the effect of the sentence on his relationship with his minor daughter and too much weight to his

obstructive conduct, which resulted in the loss of several sentencing benefits even before the court's upward variance. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the seriousness of the offense and Badsey's post-offense conduct. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**