**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10068 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00136-SOM-1 |
| v. | |
| MICHAEL WALKER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan O. Mollway, District Judge, Presiding

Submitted October 26, 2020**

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Michael Walker appeals from the district court's judgment and challenges the 420-month sentence imposed following his guilty-plea conviction for aiding and abetting second-degree murder, in violation of 18 U.S.C. §§ 2, 1111.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Walker contends that the district court procedurally erred by failing to explain the sentence adequately, and by basing the 55-month upward variance on factors that were already accounted for in the Guidelines range. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court thoroughly explained that the upward variance was warranted because of Walker's aggravated role in the offense, his criminal history, his late acceptance of responsibility, and the horrific nature of the crime. Contrary to Walker's assertion, the court properly emphasized those factors, even though they were also accounted for in the Guidelines calculation. *See United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (sentencing court may conclude that the Guidelines do not sufficiently account for the harm caused by the defendant's conduct). Moreover, the record does not support Walker's contention that the district court improperly relied upon an ex parte memorandum filed in his co-defendant's case in selecting the sentence.

Walker next contends that the sentence is substantively unreasonable because it gave undue weight to aggravating factors and created an unwarranted sentencing disparity. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States*

*v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Furthermore, the disparity between Walker's sentence and that of his co-defendant is not unwarranted. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (no unwarranted sentencing disparity where defendants are not similarly situated).

**AFFIRMED.**