**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30041 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00092-SPW-1 |
| v. | |
| BENJAMIN IRA BADBEAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Benjamin Ira Badbear appeals from the district court's judgment and

challenges the 87-month sentence imposed following his guilty-plea conviction for

possession of a stolen firearm, receipt of a firearm by a person under indictment for

a felony, and being a prohibited person in possession of a firearm, in violation of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 922(j), (n) and (g).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Badbear contends that the sentence is substantively unreasonable because of his need for drug treatment, lack of prior felony convictions, and acceptance of responsibility.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence at the low end of the Guidelines is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense and Badbear's criminal history.  *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").  Moreover, contrary to Badbear's contention, the record reflects that the district court considered the § 3553(a) factors and Badbear's arguments for a below-Guidelines sentence.  *See United States v. Carty,* 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

**AFFIRMED.**