**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10078 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-00090-MCE-1 |
| v. | |
| HUGO LOUIS RAMIREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 7, 2021**
San Francisco, California

Before: GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,*** Judge.

Hugo Ramirez appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A). We review for abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

discretion, United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021), and affirm.

The district court assumed that Ramirez' medical conditions, in combination with the threat of COVID-19, were sufficient to qualify him for consideration for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). But, after considering the 18 U.S.C. § 3553(a) factors and the danger that Ramirez would pose to the community if released, the court denied compassionate release.

Ramirez contends that the district court gave insufficient consideration to his medical conditions and vulnerability to COVID-19 and gave excessive weight to the government's contentions regarding his danger to the community. We disagree. The weight to give the various § 3553(a) factors is for the district court to determine, United States v. Gutierrez-Sanchez, 587 F.3d 904, 908 (9th Cir. 2009), and it did not abuse its discretion in denying relief. See United States v. Robertson, 895 F.3d 1206, 1213 (9th Cir. 2018) (recognizing that a district court abuses its discretion only if its decision applies the wrong legal rule or is illogical, implausible, or without support in the record). Moreover, contrary to Ramirez' remaining arguments, the court did not rely on any improper consideration to deny relief.

**AFFIRMED.**