NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10255 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00049-DKW-1 |
| v. | |
| ARTURO IBARRA, AKA Fat Boy, AKA Tury, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted January 19, 2022**

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Arturo Ibarra appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ibarra sought compassionate release on the grounds that his health conditions made him particularly vulnerable if he were to contract COVID-19 and that he should have been granted safety valve relief at sentencing. The district court denied the motion, concluding that the risk to Ibarra from COVID-19, whether considered alone or in combination with his alleged safety valve eligibility, was insufficient to establish extraordinary and compelling circumstances and did not justify relief under 18 U.S.C. § 3553(a). Ibarra argues that the district court abused its discretion because it (1) did not appreciate the difference between a substantial assistance departure and a safety valve reduction when it applied the 18 U.S.C. § 3553(a) factors, and (2) failed to recognize that it was precluded from considering at the original sentencing whether the § 3553(a) factors justified a sentence lower than 63 months.

Ibarra's claims are not supported by the record, which reflects that the court assumed Ibarra's safety valve eligibility,[1] further assumed that Ibarra would have received a 4-level substantial assistance reduction in addition to the safety valve reduction, and then analyzed whether those circumstances, along with the mitigating arguments Ibarra asserted, justified a lower sentence under § 3553(a). That the court concluded that Ibarra's sentence should not be reduced does not

---

[1] We assume, without deciding, that changes in sentencing law can be considered in evaluating a compassionate release motion.

reflect that it misunderstood its own § 3553(a) analysis from the original sentencing or failed to consider all of Ibarra's mitigating arguments. Nor are we persuaded that the court was required to give less weight to the seriousness of the offense, and more weight to his mitigating circumstances, in light of his alleged safety valve eligibility. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). The court acknowledged Ibarra's medical conditions and post-sentencing rehabilitative efforts, and accepted Ibarra's assertion of safety valve eligibility, but concluded that those circumstances did not justify relief in light of Ibarra's vaccination status, his recovery from a prior COVID-19 infection, the low number of infections in his prison, and the applicable § 3553(a) factors. It did not abuse its discretion in reaching this conclusion.

**AFFIRMED.**