**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10238 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00010-JMS-1 |
| v. | |
| KELAUKILA ESTABILIO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted March 16, 2022[**]

Before:      SILVERMAN, MILLER, and BUMATAY, Circuit Judges

Kelaukila Estabilio appeals from the district court's judgment and challenges

the 54-month sentence imposed on remand following her guilty-plea conviction for

wire fraud in violation of 18 U.S.C. § 1343.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Estabilio contends that the district court failed to explain why it rejected her argument that an above-Guidelines sentence would create an unwarranted sentencing disparity with other similarly situated defendants. This argument is not supported by the record, which shows that the court explicitly addressed why the facts of this case are unique and explained at length why an upward variance was justified. The court was not required to say more. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Estabilio also argues that her sentence is substantively unreasonable. Under the totality of the circumstances, the district court did not abuse its discretion by imposing the above-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Estabilio's arguments, the court was not required to accord more weight to her post-sentencing rehabilitation, or less weight to the fact that the true victims of Estabilio's fraud were the at-risk children served by her employer. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the court's remarks at sentencing do not at all resemble the kind of "undisciplined and unjudicial surrender to hot blood" that has previously justified a vacatur and remand by this court. *United States v. Duhart*, 496 F.2d 941, 946 (9th Cir. 1974).

**AFFIRMED.**