NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50192 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-01011-LAB-1 |
| v. | |
| MAYOLO VARGAS-VILLANUEVA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 17, 2022**

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Mayolo Vargas-Villanueva appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vargas-Villanueva contends that his within-Guidelines sentence is substantively unreasonable because the district court's application of a ten-level enhancement under U.S.S.G. § 2L1.2(b)(2)(A) resulted in a Guidelines range that, while correct, overemphasized his criminal history. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, particularly Vargas-Villanueva's immigration and criminal history, the sentence is substantively reasonable. *See Gall*, 552 U.S. at 51; *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Contrary to Vargas-Villanueva's contention, the record reflects that the court considered the mitigating factors, including the age of the underlying conviction that resulted in the ten-level enhancement, and adequately explained its determination that a within-Guidelines sentence was warranted in light of Vargas-Villanueva's multiple attempts to reenter the United States unlawfully in a short period of time. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

To the extent Vargas-Villanueva challenges the separate sentence imposed upon revocation of probation, we do not reach this claim because Vargas-Villanueva did not appeal the revocation judgment.

**AFFIRMED.**

21-50192