**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10264 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:17-cr-00130-MCE-1<br>2:17-cr-00130-MCE |
| v. | |
| MAURICE ANTOINE JEFFERSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 10, 2022**
San Francisco, California

Before:  RAWLINSON, BADE, and BRESS, Circuit Judges.

Maurice Jefferson appeals the district court's denial of his motion for

reconsideration of an order denying compassionate release from prison under 18

U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not abuse its discretion in declining to reconsider its

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prior denial of compassionate release. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam) (standard of review). For motions seeking compassionate release, courts consider, *inter alia*, (1) whether "extraordinary and compelling reasons warrant such a reduction"; and (2) "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see Aruda*, 993 F.3d at 800. The district court may deny relief on either ground. *See* 18 U.S.C. § 3582(c)(1)(A).

Jefferson's arguments on appeal focus on the district court's determination that Jefferson lacked an extraordinary and compelling reason for release. Even assuming Jefferson has not forfeited any challenge to the district court's analysis of the § 3553(a) factors, the district court did not abuse its discretion in weighing those factors, which provide a sufficient basis for its decision. The district court explained that Jefferson posed a danger to the community because his "criminal history spans over thirty years and includes violent offenses," and Jefferson had not shown he "will not pick up where he left off if released." The court further concluded that "requiring Defendant to serve his full sentence is necessary to reflect the seriousness of his offense, promote respect for the law, and protect the public from further crimes."

Jefferson argues that the district court insufficiently considered whether non-retroactive changes in the law favored granting his motion for reconsideration. But

2

the district court indicated that it considered his argument and declined to reduce his sentence, placing more weight on other § 3553(a) factors instead. "The weight to be given the various [§ 3553(a)] factors in a particular case is for the discretion of the district court," *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), and it was not an abuse of discretion for the district court to base its decision principally on the danger Jefferson posed to the community. Nor was the district court's explanation of its reasoning under the § 3553(a) factors insufficient. *See United States v. Wilson*, 8 F.4th 970, 977 (9th Cir. 2021) (per curiam) ("[A] minimal explanation is adequate in light of the deference due to the judge's professional judgment and the context of a particular case.").

**AFFIRMED.**