**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50019 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00236-RGK-1 |
| v. | |
| CHELSEA SHANNON McINTYRE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 14, 2023[**]

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Chelsea Shannon McIntyre appeals from the district court's judgment and

challenges the 210-month sentence imposed following her guilty-plea conviction

for possession with intent to distribute methamphetamine, in violation of 21

U.S.C. § 841(a)(1), (b)(1)(A)(viii).  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

McIntyre contends that her sentence is substantively unreasonable. Although she does not dispute that she qualifies as a career offender, she argues that the district court should not have considered the resulting guideline range because the career offender guideline is not based on sound policy and her predicate offenses were relatively minor and remote in time. McIntyre further contends that her mitigating circumstances and the 18 U.S.C. § 3553(a) factors warranted a 138-month sentence. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances, including McIntyre's criminal history and decision to abscond prior to sentencing. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, the district court adequately considered her mitigating circumstances and the § 3553(a) factors in arriving at this sentence.

**AFFIRMED.**