NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50193 |
| Plaintiff-Appellee, | D.C. No. 8:22-cr-00050-SB-1 |
| v. | |
| FRANCISCO VASQUEZ DORANTES, AKA Francisco Vasquez Durantes, AKA Frank Vasquez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted June 26, 2023**

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Francisco Vasquez Dorantes appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

being an illegal alien found in the United States following deportation, in violation

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vasquez Dorantes contends that his mid-range Guidelines sentence is substantively unreasonable because the district court placed undue weight on his criminal history, and in particular his older offenses. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court was required to consider Vasquez Dorantes's criminal history when making its sentencing determination, *see* 18 U.S.C. § 3553(a)(1), and its emphasis on this factor was reasonable given Vasquez Dorantes's lengthy record, *see United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009). Contrary to Vasquez Dorantes's suggestion, the district court did not engage in any impermissible double-counting, *see United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir. 2013); did consider his mitigating circumstances; and did not err in its treatment of his older offenses. The 24-month sentence is substantively reasonable in light of the § 3553(a) factors and totality of the circumstances, including Vasquez Dorantes's substantial criminal history, as well as the need to protect the public, provide just punishment, and promote respect for the law. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

22-50193