NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>ABRAHAM GARCIA,<br><br>　　　　Defendant - Appellant. | No. 23-638<br><br>D.C. No. 4:21-cr-03197-JCH-DTF-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
John C. Hinderaker, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Abraham Garcia appeals from the district court's judgment and challenges

the sentence of 12 months and 1 day imposed following his guilty-plea conviction

for smuggling goods from the United States, in violation of 18 U.S.C. § 554(a).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Garcia contends that the district court procedurally erred by failing to address his imperfect duress mitigating argument, and relying excessively on general deterrence. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The record shows that the court fully considered Garcia's imperfect duress argument, which was discussed extensively at the sentencing hearing, and simply was unpersuaded by it, deciding to vary downward on other bases instead. The record also indicates that the court considered all of the 18 U.S.C. § 3553(a) factors and relied primarily on the seriousness of the offense, rather than general deterrence, in selecting the sentence. In any event, the weight to be given a sentencing factor in a particular case is within the discretion of the district court. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).

Garcia also contends his sentence is substantively unreasonable because adequate deterrence could have been achieved with a non-custodial sentence. Although Garcia's personal history and characteristics were mitigating, the district court did not abuse its discretion in imposing a custodial sentence, which was well below the applicable Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

23-638