**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-462 |
| Plaintiff - Appellee, | D.C. No.1:15-cr-00051-BLW-2 |
| v. | MEMORANDUM* |
| MARCUS EMILIO VILLARREAL, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted December 12, 2023**

Before:     WALLACE, LEE, and BUMATAY, Circuit Judges.

Marcus Emilio Villarreal appeals from the district court's judgment and

challenges the 24-month sentence imposed upon the third revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villarreal contends that the sentence is substantively unreasonable because

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court failed to adequately account for his progress on supervision and his mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines, statutory maximum sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Villarreal's repeated breaches of the court's trust. *See Gall*, 552 U.S. at 51 (stating totality of the circumstances standard); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (holding that a revocation sentence may be imposed as a sanction for the defendant's breach of the court's trust); *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**