NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>GUILLERMO HOLGUIN,<br><br>Defendant - Appellant. | No. 23-1625<br><br>D.C. No. 3:22-cr-01987-AJB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted August 20, 2024**

Before:    S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Guillermo Holguin appeals from the district court's judgment and challenges the 180-month sentence imposed following his guilty-plea conviction for possession of fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Holguin contends that his sentence is substantively unreasonable because the district court gave excessive weight to the Guidelines range and insufficient consideration to the mitigating factors, including his acceptance of responsibility, his personal and family circumstances, and the fact that his Guidelines range was enhanced as a result of his voluntary admission that he possessed more methamphetamine than was seized by authorities. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the serious nature and circumstances of the offense and the need to protect the public. *See Gall*, 553 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, contrary to Holguin's contention, the record reflects that the district court thoroughly considered his mitigating arguments and the § 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**