NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff - Appellee,<br><br>   v.<br><br>AMBER LYNN LANPHEAR,<br><br>     Defendant - Appellant. | No. 24-346<br><br>D.C. No.<br>1:19-cr-00019-SPW-1<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court for the
District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 16, 2024<sup>**</sup>

Before:  SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Amber Lynn Lanphear appeals from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lanphear contends that the district court relied on clearly erroneous facts and abused its discretion by denying compassionate release. The record does not support these contentions. The district court agreed that the death of Lanphear's daughter's caregiver was an extraordinary and compelling reason, and it acknowledged Lanphear's many mitigating circumstances, including her post-sentencing rehabilitation, pursuit of educational and employment opportunities, and desire to parent her minor child. The court nevertheless concluded that these circumstances were insufficient to outweigh the 18 U.S.C. § 3553(a) factors that counseled against compassionate release. Contrary to Lanphear's argument, the record shows that the court's concerns about Lanphear's criminal history and the nature of her offense were well-founded, and it did not abuse its discretion in denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record); *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**