NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4675 |
| Plaintiff - Appellee, | D.C. No.<br>2:19-cr-00269-JCM-EJY-1 |
| v. | |
| LESEAN ROGER DENNIS BRADDOCK, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 15, 2025**

Before:    SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Lesean Roger Dennis Braddock, Jr. appeals from the district court's

judgment and challenges the 186-month sentence imposed on remand for

resentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Braddock contends that his sentence—consisting of mandatory 168 months for two 18 U.S.C. § 924(c) counts and 18 months on the remaining counts—is substantively unreasonable. He argues that the district court did not adequately consider or address his rehabilitation and other mitigating circumstances, or explain its reasons for the sentence.

The district court did not abuse its discretion in imposing the below-Guidelines sentence on the non-firearm counts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although the court did not discuss each of Braddock's mitigating arguments, the record shows that the court was aware of and considered them. And, when announcing the sentence, the court balanced the seriousness of the offenses with Braddock's evident rehabilitation, considering him "a different defendant" than it had previously sentenced. This explanation was sufficient, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the nature of Braddock's offenses. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**

24-4675