**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>SHARNESIA LATRICE COOLEY,<br><br>Defendant - Appellant. | No. 25-309<br><br>D.C. No.<br>4:24-cr-00910-SHR-MAA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Argued and Submitted May 19, 2026
Phoenix, Arizona

Before: GOULD, M. SMITH, and HURWITZ, Circuit Judges.

Defendant-Appellant Sharnesia Cooley ("Cooley") challenges the district court's application of three sentencing enhancements: (1) four levels for transporting an unaccompanied minor under U.S.S.G. § 2L1.1(b)(4); (2) two levels for recklessly creating a substantial risk of death or serious bodily injury to another person during the offense under § 2L1.1(b)(6); and (3) six levels for transporting an unlawful alien

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

who suffered a permanent or life-threatening injury during the offense under § 2L1.1(b)(7). Cooley also challenges her 60-month below-guidelines sentence as substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review interpretations of Sentencing Guidelines *de novo* and "application of the guidelines to the facts for an abuse of discretion." *United States v. Herrera*, 974 F.3d 1040, 1045 (9th Cir. 2020). The substantive reasonableness of a sentence is also reviewed for abuse of discretion. *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010).

1. The district court did not abuse its discretion by applying the four-point enhancement under § 2L1.1(b)(4) for transporting an unaccompanied minor. This enhancement, contrary to Cooley's contention, does not require that it be reasonably foreseeable that she would transport an unaccompanied minor. Reasonable foreseeability is relevant when assessing jointly undertaken criminal activity and the foreseeable acts and omissions of others in the criminal scheme. *See United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014); U.S.S.G. § 1B1.3(a)(1)(B). Here, under § 1B1.3(a)(1)(A), we assess Cooley's own actions and omissions, not those of others. There was also sufficient record evidence that Cooley transported an unaccompanied minor. The minor's medical intake form indicates that the hospital was "[u]nable to locate family" and that Border Patrol was "unable to provide any

information for relatives." Further, the agency ultimately identified the minor through the Mexican Consulate, which identified the minor's father, who was not in the car with him. Cooley contends that the agency's lack of questioning of the other unlawful aliens about the minor was inadequate, but no evidence indicates that any of the others were the parents, adult relatives, or legal guardians of the minor. *See United States v. Lucas*, 101 F.4th 1158, 1162 (9th Cir. 2024) (en banc) (due process is satisfied when the district court's guidelines factfinding is supported by a preponderance of the evidence).

2. The district court did not abuse its discretion by applying the two-point enhancement for reckless creation of a substantial risk of death or serious bodily injury under § 2L1.1(b)(6). Cooley was legally reckless because she acted in an unreasonable manner and had a subjective awareness of that objective unreasonableness. *United States v. Gardenhire*, 784 F.3d 1277, 1282–83 (9th Cir. 2015). A reasonable person under the circumstances would not have continued driving approximately 50 miles per hour with the vehicle door open and several people in the back seat. Cooley was subjectively aware of the risk she created by continuing to drive without slowing down or stopping even after she heard the back door open, and passengers began jumping out through that door. Despite having 20 to 30 seconds to slow down or stop before the final unlawful alien jumped, Cooley did not do so. Moreover, Cooley "created" the risk here. Even assuming this test

requires a showing of proximate cause, Cooley's decision to continue driving 50 miles per hour after the individuals started jumping from her back seat, rather than slowing down or stopping, bears a sufficient nexus to those individuals' risk of injury, under any proximate cause standard. *See, e.g.*, *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 701 (2011) (surveying various proximate cause formulations).

3. The district court did not abuse its discretion by applying the six-point enhancement for permanent or life-threatening injury resulting during transport under § 2L1.1(b)(7). Assuming without deciding that the application of § 2L1.1(b)(7) requires a showing of proximate cause, Cooley's actions were the proximate cause of the unlawful aliens' injuries. While Cooley contends that the aliens' independent decisions to jump from her moving vehicle supersede her liability for their injuries, a third party's conduct, if foreseeable to the wrongdoer, does not comprise a superseding cause. *See, e.g.*, *Conn v. City of Reno*, 591 F.3d 1081, 1101 (9th Cir. 2010), *vacated*, 563 U.S. 915 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011). As noted above, Cooley was aware that the unlawful aliens were jumping from her car and had 20 to 30 seconds to slow down or stop her car. It was foreseeable to Cooley, at least once the first unlawful alien had jumped from the car, that others would do so, and it was foreseeable that they would be seriously injured by doing so. The district court did not abuse its discretion by applying this enhancement.

4

4. The district court's imposition of a 60-month below-guidelines range sentence was not substantively unreasonable. "[I]t is probable that the sentence is reasonable" when that sentence falls within a properly calculated guidelines range. *United States v. Carty*, 520 F.3d 984, 994 (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)). It is improper, however, to equalize defendants' sentences when they are convicted of different crimes. *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 978 (9th Cir. 2000) (en banc). But, as Cooley concedes, "the district court did not depart to equalize" her sentence with that of her codefendant. The district court had broad discretion to weigh different sentencing factors, *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), and departed downward from a 77-to-96-month guideline range based on the § 3553(a) factors, including consideration of Cooley's "family ties and responsibilities." The district court did not abuse its discretion by departing downward in considering Cooley's circumstances.

**AFFIRMED.**