**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RENE ALEJANDRO POMPA-VILLA,
AKA Patna, AKA Christian Alexander
Marero-Ocasio, AKA Felix Berrios, AKA
Mario Rodriquez-Albelo, AKA Jorge
Arzuaga-Ortiz, AKA Victor Rivera-Diaz,

Defendant - Appellant.

No. 25-4245

D.C. No.
3:21-cr-00031-RRB-MMS-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Rene Alejandro Pompa-Villa appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pompa-Villa contends that he is entitled to compassionate release because he is the only available caregiver for his ailing mother and because he has been rehabilitated and no longer poses a threat to the public. The district court did not abuse its discretion in concluding otherwise. *See United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022). As the court stated, Pompa-Villa did not show he was his mother's "only available caregiver," U.S.S.G. § 1B1.13(b)(3)(C), because the record reflects there are other family members who could provide care. Moreover, the court did not abuse its discretion in concluding that Pompa-Villa's extensive criminal history, which included four felony convictions, made him a risk to society and weighed against compassionate release. *See United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

Pompa-Villa's summary assertion that the District of Alaska has a "predetermined" policy of denying compassionate release is unsupported, and his claim that he and his counsel were not given the opportunity to present arguments is belied by the record. We do not consider arguments raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**